Janine K. Jeffery, Esq. CBN 112639
 Jjeffery@reilyjeffery.com
REILY & JEFFERY, INC.
5900 Canoga Avenue, Suite 350
Woodland Hills, CA 91367
Telephone:  (818) 350-6282
Fax No.:  (818) 350-6283

Attorneys for Defendant City of Los Angeles

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BOCK, L.B., a minor by and through his Guardian ad Litem, Robert Powell, | CASE NO. 2:18-cv-06485-PA-FFM |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)** |
| vs. | *(Filed Concurrently with Notice of Motion and [Proposed] Order)* |
| CITY OF LOS ANGELES, and Does 1 through 10, Inclusive, | |
| Defendants. | Hon. Judge Percy Anderson |
| | Date:      January 28, 2019 |
| | Time:      1:30 p.m. |
| | Crtm.:      9A, 9th Floor |

The City of Los Angeles respectfully submits the following points and authorities in support of its motion to dismiss all claims for relief asserted by parent David Bock and the due process claims asserted by minor L.B.

I.    **INTRODUCTION**

This lawsuit arises from an allegation that Plaintiff David Bock abused his minor son L.B.  As a result of the abuse allegation, City of Los Angeles police officer Salinas interviewed L.B. at school pursuant to California Penal Code

1

Section 11174.3.  No further action was taken by the LAPD.  This motion challenges the right of suspected abuser David Bock to bring any claims against the City of Los Angeles based on the interview of his minor son L.B. on the grounds that neither Bock's First nor Fourth Amendment rights were violated and on the further ground that the interview did not violate Bock's due process rights nor did it shock the conscience.  This motion also challenges the right of minor L.B. to sue for a violation of his due process rights as those claims are subsumed within his Fourth Amendment claim.

## II.    FACTUAL STATEMENT

David Bock is the natural father of minor L.B.  Child abuse allegations were leveled against David Bock as a result of certain conduct of his directed at his minor son L.B.  As of March 12, 2018, L.B. was two weeks shy of his 15th birthday.  (FAC, ¶ 8)  Los Angeles County of Department of Children and Family Services ("DCFS") had allegedly investigated the abuse allegations and closed the referral.  The FAC is silent as to the date of closure and the actual findings and recommendations of DCFS.  (FAC, ¶ 10)  On March 12, 2018, LAPD Officer Salinas interviewed minor L.B. during school hours pursuant to California Penal Code Section 11174.3.[1]  The Complaint asserts that L.B. told Officer Salinas that he did not wish to speak to her and further claims that he was coerced or threatened into answering her questions.  (*Id*. at ¶ 13)  Plaintiff father and son

---

[1]    Section 11174.3(a) provides in pertinent part: "Whenever a representative of a government agency investigating suspected child abuse or neglect or the State Department of Social Services deems it necessary, a suspected victim of child abuse or neglect may be interviewed during school hours, on school premises, concerning a report of suspected child abuse or neglect that occurred within the child's home or out-of-home care facility.  The child shall be afforded the option of being interviewed in private or selecting any adult who is a member of the staff of the school, including any certificated or classified employee or volunteer aide, to be present at the interview.  A representative of the agency investigating suspected child abuse or neglect or the State Department of Social Services shall inform the child of that right prior to the interview."

further allege that the LAPD did not have a warrant, parental consent, or exigent circumstances justifying the interview.  (FAC ¶¶ 17-18)

The primary focus of this motion is, under the circumstances alleged by Plaintiffs, whether the suspected abuser (Plaintiff Bock) can assert constitutional claims for violations of his First, Fourth, and Fourteenth Amendment rights based on the interview of his son, the suspected victim of the abuse.  Defendant submits that he cannot and that his claims should be dismissed.  Moreover, L.B.'s due process claims are subsumed within his Fourth Amendment Claim and as such, the due process claims should be dismissed in their entirety.

## III.  ARGUMENT

### A.    Plaintiff David Bock's First Amendment Claim Fails to State a Claim Upon Which Relief Can be Granted

Plaintiff Bock has not pled any factual basis in support of his right to bring a claim for violation of his First Amendment rights.  While it appears that L.B. is alleging that his First Amendment right "not to speak" was violated when Officer Salinas allegedly threatened or coerced L.B. into answering her questions (FAC, ¶ 13), there are no allegations that Bock, who was not present at the time of the interview, suffered any First Amendment violations.  Accordingly, Bock's claim that his First Amendment rights were violated by the interview of L.B. should be dismissed.

### B.    Plaintiff David Bock's Fourth Amendment Claim Fails to State a Claim Upon Which Relief Can be Granted

The Fourth Amendment protects people against unlawful seizures.  Plaintiff David Bock has not alleged that he was subject to an unlawful seizure.  As such, the Complaint fails to state a claim on behalf of David Bock for a violation of his Fourth Amendment rights.

///

///

3

1

**C.    Plaintiff David Bock's Substantive Due Process Claim Fails to State a Claim Upon Which Relief Can be Granted**

Bock claims that his substantive due process rights were violated by the allegedly unconstitutional detention of L.B. during school hours.  Bock's claim is without merit.  As a threshold matter, to prevail on his due process claim, he must show a deprivation of the right to familial association.  *Brittain v. Hansen*, 451 F.3d 982, 985 (9th Cir. 2006).  A brief detention of a child at school, however, does not violate the right to familial association.  Indeed, in *E.H. v. Brentwood Union Sch. Dist.,* No. C13-3243 TEH, 2013 U.S. Dist. LEXIS 158482, at *6-7 (N.D. Cal. Nov. 4, 2013), E.H. alleged that his constitutional rights to familial association were violated when school officials concealed information from his parents about physical and emotional trauma inflicted upon him at school in violation of the Fourteenth Amendment.  The court, however, held that because the allegations "f[e]ll short of a termination of parental rights or denial of custody," the claim could not stand.  In explaining its decision, the *E.H.* Court stated:

> Although the Ninth Circuit has recognized a Fourteenth Amendment "due process" right flowing from the parent-child relationship, such a right is only considered impaired in situations such as the death of a child, the loss of parental rights, or the loss of contact or custody with the child.  *Kelson v. City of Springfield*, 767 F.2d 651, 654-55 (9th Cir. 1985); *see also Ram v. Rubin,* 118 F.3d 1306, 1310 (9th Cir. 1997) (involving social services' removal of child from parental custody).  As Plaintiff's allegations fall far short of a termination of parental rights or denial of custody, Plaintiff has failed to state a claim for a violation of any parent-child substantive due process right.  See *Harry A. v. Duncan*, 351 F.Supp.2d 1060, 1066-69 (D. Mont. 2005) (noting that *Kelson* only "protect[s the] right to be free from

4

1  termination of the parent-child relationship or [interference] so

2  intrusive as to be the equivalent of termination").

3  Similarly, in *Garedakis v. Brentwood Union Sch. Dist*., No. C 14-4799 PJH, 2015

4  U.S. Dist. LEXIS 67276, at *22 (N.D. Cal. May 22, 2015), in a case involving

5  allegations that special needs students were physically abused by a teacher, the

6  court held that the complaint brought by both the children and the parents failed to

7  state a Fourteenth Amendment due process claim for interference with

8  parent-child relationships because the alleged interference did not rise to a level

9  that is subject to protection under the constitution.  *See also Harry A. v. Duncan*,

10  351 F.Supp.2d 1060, 1068 (D. Mont. 2005) ("*Kelson* and the cases it cites

11  establish the existence of a constitutionally protected right to be free from

12  termination of the parent-child relationship or from governmental interference

13  with the parent-child relationship so intrusive as to be the equivalent of

14  termination of that relationship. . . . [such as] the death of a child, the loss or

15  imposition of parental rights and responsibilities, or the termination of daily

16  contact with one's children. . . . *Kelson and related cases do not provide*

17  *constitutional protection from any state action that has the ultimate effect of*

18  *disturbing the tranquility of the parent-child relationship."*) (Emphasis supplied.)

19  Moreover, even if an interview of a minor at school is deemed to be a

20  deprivation of the right to familial association, to prevail on a substantive due

21  process claim, Plaintiff must demonstrate that the government's action was so

22  "egregious or ill-conceived that it shocks the conscience."  *Alberici v. Cty. of Los*

23  *Angeles*, No. CV 12-10511-JFW VBKX, 2013 U.S. Dist. LEXIS 146362, 2013

24  WL 5573045, at *16 (C.D. Cal. Oct. 9, 2013).  See also *Porter v. Osborn*, 546

25  F.3d 1131, 1137 (9th Cir. 2008) ("To violate substantive due process, official

26  conduct must "shock[] the conscience.")  In this case, there are simply no

27  allegations in the complaint which "shock the conscience."  Indeed, Bock, as the

28  alleged abuser, cannot make a valid argument that his consent was required before

1   the police could interview his son about allegations that he abused his son.[2]

2          In sum, Bock cannot demonstrate that L.B.'s temporary detention and

3   interview interfered with his parental rights nor has he alleged facts sufficient to

4   show that the failure to obtain his consent (as the suspected abuser) to interview

5   LB shocks the conscience.  Accordingly, Plaintiff Bock's substantive due process

6   claim should be dismissed.

7          **D.     Plaintiff David Bock's Procedural Due Process Claim Fails to**

8          **State a Claim Upon Which Relief Can be Granted**

9          "A section 1983 claim based upon procedural due process [ ] has three

10  elements: (1) a liberty or property interest protected by the Constitution; (2) a

11  deprivation of the interest by the government; (3) lack of process." *Portman v.*

12  *County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).  Due process requires "a

13  person deprived of property [or liberty] be given an opportunity to be heard at a

14  meaningful time and in a meaningful manner." *Buckingham v. Sec'y of U.S. Dep't*

15  *of Agr.*, 603 F.3d 1073, 1082 (9th Cir. 2010).  Procedural due process "does not

16  require that the notice and opportunity to be heard occur before the deprivation;"

17  rather, it "can take place through a combination of pre- and post-deprivation

18  procedures, or be satisfied with post-deprivation process alone[.]" *Id.*

19         As demonstrated with regard to Plaintiff's substantive due process claim,

20  Bock was not deprived of any liberty interest by the interview of his son while his

21  son was at school.  See *Harry A. v. Duncan*, 351 F.Supp.2d 1060, 1066-69 (D.

22  Mont. 2005) (noting that *Kelson* only "protect[s the] right to be free from

23  termination of the parent-child relationship or [interference] so intrusive as to be

24  the equivalent of termination").  As such, there was no deprivation of any of

25  Bock's interests and he cannot pursue a procedural due process claim.

26  ///

27  _____

28       [2]     The mother, who was not suspected of abuse, is not a party to this action.

1
2

**E.    <u>Minor L.B.'s Substantive and Procedural Due Process Claims</u>**
**<u>Fail to State A Claim Upon Which Relief Can be Granted</u>**

3    In this case, minor Plaintiff L.B. asserts that the school interview violated

4    his substantive due process rights.  These allegations, however, are duplicative of

5    L.B.'s Fourth Amendment claim.  In *County of Sacramento v. Lewis*, 523 U.S.

6    833, 843 (1998), the Supreme Court held that where a constitutional claim is

7    covered by a specific constitutional amendment, then "the claim must be analyzed

8    under the standard appropriate to that specific provision, not under the rubric of

9    substantive due process."  *See also Albright v. Oliver*, 510 U.S. 266, 272-73

10    (1994) (noting that when a broad "due process" violation is alleged, but a

11    particular amendment "provides an explicit textual source of constitutional

12    protection" against a particular sort of government behavior, "that Amendment,

13    not the more generalized notion of 'substantive due process,' must be the guide for

14    analyzing the[] claims." (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)).

15    *See Shuey v. County of Ventura*, 2015 U.S. Dist. LEXIS 148993, 2015 WL

16    6697254, at *7 (C.D. Cal. Nov. 3, 2015) (District Court found that a minor

17    plaintiff's procedural due process claim "essentially duplicates his Fourth

18    Amendment claim" and must be analyzed under the Fourth Amendment.)  In this

19    case, because the Fourth Amendment provides an explicit textual source of

20    constitutional protection to the minor, his Fourteenth Amendment due process

21    claims are subsumed by the Fourth Amendment and should be dismissed from the

22    complaint.

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

## IV.    CONCLUSION

The first amended complaint fails to allege facts sufficient to demonstrate

the violation of any of Plaintiff Bock's constitutional rights.  In short, a school

based interview of a suspected victim of child abuse, without the consent of the

suspected parental abuser, does not violate the Constitutional rights of the

suspected parental abuser.  Further, because the minor's due process claims are

subsumed within his Fourth Amendment claims, the due process claims should be

dismissed.


Date:  December 28, 2018                    REILY & JEFFERY, INC.


                              By    _____/s/ Janine K. Jeffery_____
                                    Janine K. Jeffery, Esq.
                                    Attorneys for Defendant