UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 18-6485 PA (FFMx) | Date | April 15, 2019 |
| Title | David Bock, et al. v. City of Los Angeles, et al. | | |

| | | |
|---|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Dismiss Plaintiffs' Second Amended Complaint (the "Motion") filed by defendant City of Los Angeles ("Defendant" or the "City"). (Docket No. 28.) Plaintiffs David Bock ("Bock") and minor L.B. by and through his guardian ad litem, Robert Powell (collectively "Plaintiffs") have filed an Opposition (Docket No. 33), to which Defendant has filed a Reply (Docket No. 35). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing scheduled for April 15, 2019, is vacated, and the matter taken off calendar.

**I.      Factual & Procedural Background**

According to the Second Amended Complaint ("SAC"), around mid-February 2018, the Los Angeles County Department of Children and Family Services ("DCFS") received a report that Bock had abused his minor son, L.B. DCFS cross-reported the allegations to the Los Angeles Police Department ("LAPD"). Plaintiffs allege that DCFS investigated the allegations of child abuse, "the referral had been closed," and Bock was no longer suspected of any alleged child abuse or neglect. (SAC ¶¶ 11–12.) On March 12, 2018, after DCFS had closed the referral, Officer Salinas and other LAPD officers removed L.B. from his classroom, detained him against his will, and informed him that they intended to interview him regarding a DCFS report of alleged abuse by his father, Bock. L.B. told the officers that he did not want to speak with them, but the officers allegedly "threatened and/or coerced L.B. into answering their questions." (Id. ¶ 13.) Officer Salinas did not have prior judicial authorization or parental consent to conduct the interview. The LAPD officers did not contact DCFS prior to interviewing L.B.

Plaintiffs allege that Officer Salinas was at all times acting in accordance with the City's policies, procedures, practices, and/or customs. Plaintiffs allege the following policies caused the violation of Plaintiffs' constitutional rights: (1) "policy of detaining and seizing, and/or threatening to detain and seize, children from their parents without exigent circumstances, court order and/or consent of their parent or legal guardian"; (2) "policy of causing minor children to be seized, detained and interviewed at school without court order, parental consent, parental knowledge, parental presence, and without just and reasonable cause"; (3) "policy of conducting the aforesaid school interviews in the absence of probable cause or even reasonable suspicion, at the time the interview is conducted, that the minor child is the victim of abuse or neglect; (4) "policy of inadequate training, and/or by failing to train and/or supervise its officers, agents and employees, in providing the Constitutional protections

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 18-6485 PA (FFMx) | Date | April 15, 2019 |
| Title | David Bock, et al. v. City of Los Angeles, et al. | | |

guaranteed to individuals, including those under the First, Fourth and Fourteenth Amendments, when seizing and questioning suspected victims of child abuse at school"; and (5) "policy of acting with deliberate indifference in failing to correct (including counseling and/or discipline) the wrongful conduct of its employees in failing to provide the Constitutional protections guaranteed to individuals, including those under the First, Fourth and Fourteenth Amendments, when seizing and questioning suspected victims of child abuse at school."  (Id. ¶ 24.)

Based on the foregoing, Plaintiffs bring claims under 42 U.S.C. § 1983 against the City based on Monell liability for constitutional violations of the First, Fourth, and Fourteenth Amendments.[1/] Plaintiffs request damages and injunctive relief.  The Court granted Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint.  Specifically, this Court dismissed Bock's Fourth Amendment claim without leave to amend, and Bock's First and Fourteenth Amendment claims with leave to amend. Additionally, the Court dismissed L.B.'s Fourteenth Amendment claim without leave to amend.

Plaintiffs filed a Second Amended Complaint, and Defendant filed this Motion to Dismiss, arguing that Bock's First and Fourteenth Amendment claims fail to state a claim.

**II.     Legal Standard**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. Rs. Civ. P. 12(b)(6), 8(e).  The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim." (internal quotation marks omitted)).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." 550 U.S. at 561, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (internal quotation omitted).  Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929.  In construing the Twombly standard, the Supreme Court has advised:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can

---

[1/]     Plaintiffs do not bring claims against the individual officers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6485 PA (FFMx) | Date | April 15, 2019 |
|---|---|---|---|
| Title | David Bock, et al. v. City of Los Angeles, et al. | | |

> provide the framework of a complaint, they must be supported by factual
> allegations. When there are well-pleaded factual allegations, a court
> should assume their veracity and then determine whether they plausibly
> give rise to an entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Thus, if a plaintiff could not possibly succeed after all allegations of material fact in the complaint have been taken as true and construed in the light most favorable to the plaintiff, then a motion to dismiss should be granted. See Twombly, 550 U.S. at 558, 127 S. Ct. 1955, 167 L. Ed. 2d 929; Daniel v. Cnty. of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002). Additionally, if the court can determine, based on the complaint alone, that an affirmative defense applies to a claim, then the claim may be dismissed pursuant to Rule 12(b)(6). Groten v. California, 251 F.3d 844, 851 (9th Cir. 2001).

**III.    Discussion**

Section 1983 provides a cause of action against any person who, under color of law, deprives an individual of rights secured by the federal Constitution or federal law. 42 U.S.C. § 1983. This statute puts the burden on Plaintiffs to prove "(1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." Leer v. Murphy, 844 F.2d 628, 632–33 (9th Cir. 1988).

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037–38 (1978); see also id. at 691, 98 S. Ct. at 2036 ("[A] municipality cannot be held liable under § 1983 on a respondeat superior theory."). "There are three ways to show a policy or custom of a municipality: (1) by showing 'a longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity;' (2) 'by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision;' or (3) 'by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.'" Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005) (quoting Ulrich v. City & County of San Francisco, 308 F.3d 968, 984–85 (9th Cir. 2002)).

In the absence of a specific unconstitutional custom or policy, a plaintiff may attempt to impose liability on a municipality for a constitutional injury through a second route to municipal liability:

> [A] plaintiff need not allege that the municipality itself violated
> someone's constitutional rights or directed one of its employees to do so.
> Instead, a plaintiff can allege that through its omissions the municipality is
> responsible for a constitutional violation committed by one of its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 18-6485 PA (FFMx) | Date | April 15, 2019 |
| Title | David Bock, et al. v. City of Los Angeles, et al. | | |

> employees, even though the municipality's policies were facially constitutional, the municipality did not direct the employee to take the unconstitutional action, and the municipality did not have the state of mind required to prove the underlying violation.

Gibson v. County of Washoe, 290 F.3d 1175, 1186 (9th Cir. 2002) (citing City of Canton v. Harris, 489 U.S. 378, 387–89, 109 S. Ct. 1197, 1204–05, 103 L. Ed. 2d 412 (1989)). Under this second route to municipal liability, a plaintiff must show: (1) that a municipal employee violated the plaintiff's rights; (2) that the municipality has customs or policies that amount to deliberate indifference (as that phrase is defined by Canton, 489 U.S. at 387, 109 S. Ct. at 1204); and (3) that these policies were the moving force behind the violation of the plaintiff's constitutional rights, in the sense that the municipality could have prevented the violation with an appropriate policy. See Gibson, 290 F.3d at 1193.

Under either method of establishing municipal liability, an official policy or custom cannot be established by random acts or isolated events. Thompson v. City of Los Angeles, 885 F.2d 1439, 1443–44 (9th Cir. 1989). Additionally, where there is no underlying constitutional violation by an individual government employee, there can be no Monell liability by the local government. See Quintanilla v. City of Downey, 84 F.3d 353, 355 (9th Cir. 1996) ("[A] public entity is not liable for § 1983 damages under a policy that can cause constitutional deprivations, when the factfinder concludes that an individual officer, acting pursuant to the policy, inflicted no constitutional harm to the plaintiff."); Forrester v. City of San Diego, 25 F.3d 804, 808 (9th Cir. 1994) (holding that "a finding that the arrests did not involve the use of unreasonable force" renders "moot the question of whether the city's policy authorized the use of constitutionally excessive force").

  **A.**  **Plaintiff Bock's Claims**

    1.  <u>Fourteenth Amendment</u>

Bock brings a claim under the Fourteenth Amendment based on his right to familial association with his son, L.B. "As a general matter, 'a parent has a constitutionally protected liberty interest in the companionship and society of his or her child. The state's interference with that liberty interest without due process of law is remediable under section 1983.'" Rabinovitz v. City of Los Angeles, 287 F. Supp. 3d 933, 949 (C.D. Cal. 2018) (citing Kelson v. City of Springfield, 767 F.2d 651, 655 (9th Cir. 1985)). "[T]his constitutional interest in familial companionship and society logically extends to protect children from unwarranted state interference with their relationships with their parents." Lee v. City of Los Angeles, 250 F.3d 668, 685 (9th Cir. 2001) (alteration in original) (quoting Smith v. City of Fontana, 818 F.2d 1411, 1418 (9th Cir. 1987)). Only official conduct that "shocks the conscience" is cognizable as a due process violation of the right to familial association. Porter v. Osborn, 546 F.3d 1131, 1137 (9th Cir. 2008). Whether a particular defendant's conduct "shocks the conscience" is determined by the nature of the surrounding circumstances. Id. at 1137–39. Where the police have committed an "obvious and easily detectable mistake . . . that they had time to detect and correct," a deliberate indifference standard may apply to determine whether the officer's conduct shocks the conscience. Id. at 1139. However, "when an officer encounters fast paced circumstances presenting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6485 PA (FFMx) | Date | April 15, 2019 |
|---|---|---|---|
| Title | David Bock, et al. v. City of Los Angeles, et al. | | |

competing public safety obligations, the purpose to harm standard must apply." Id. Under the purpose to harm standard, "[i]t is the intent to inflict force beyond that which is required by a legitimate law enforcement objective that 'shocks the conscience' and gives rise to liability under § 1983." Id. at 1140.

Here, despite dismissing Bock's First and Fourteenth Amendment claims in Plaintiffs' First Amended Complaint, the Court provided Bock with another opportunity to allege facts supporting his claims based on his right to familial association with L.B. However, Bock failed to allege any additional facts in the SAC supporting his claims. Rather, he simply reemphasizes that L.B. was interviewed "without [his] knowledge, consent or presence" and without court order or exigency. (SAC ¶ 17.) Plaintiffs argue that these facts alone violated Bock's constitutional right "to be free from unjustified governmental interference with their relationship." (Id.) Plaintiffs have again failed to allege any facts which demonstrate how the interview of Bock's son L.B. violates Bock's right to familial association. As the Court previously explained, "Plaintiffs have not alleged that L.B. was ever removed from Bock's custody while being interviewed by the officer, but rather was interviewed at school when his father would otherwise be separated from him. Furthermore, Plaintiffs have not alleged any facts which demonstrate that the officers' acts here were so egregious as to shock the conscience." (Docket No. 24.)

Instead of alleging additional facts, Plaintiffs add new legal citations to their SAC, effectively rearguing why Bock has valid claims under the same facts alleged. Plaintiffs cite to Troxel v. Granville, 530 U.S. 57, 68–69, 120 S. Ct. 2054, 2061, 147 L. Ed. 2d 49 (2000) (plurality opinion), for the proposition that "there is a presumption that fit parents act in the best interests of their children" and "so long as a parent adequately cares for his or her children (i.e., is fit), there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of that parent to make the best decisions concerning the rearing of that parent's children." Those principles are inapplicable here where there are no allegations showing that the LAPD officers interfered with Bock's ability to care for his child or make decisions regarding his child's care. Cf. Keates v. Koile, 883 F.3d 1228, 1238 (9th Cir. 2018) ("Based on the allegations in the complaint, Koile's exercise of authority over A.K. interfered with Keates's relationship with A.K. First, on May 21, Koile detained A.K. at PCH and had hospital staff inform Keates that she could not have contact with her daughter or take her home. Further, Koile interfered with the right of familial association by issuing a TCN on May 21, and transporting A.K. strapped to a gurney by ambulance to ABHS the same day, where she was held without her parent's consent and without a court order.").

Because Plaintiffs have failed to allege any facts supporting Bock's Fourteenth Amendment claim, the Court dismisses Bock's Fourteenth Amendment claim for failure to state a claim.[2]

---

[2] To the extent Bock brings a procedural due process claim in the SAC, that claim also fails. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." Mathews v. Eldridge, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "A section 1983 claim based upon procedural due process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6485 PA (FFMx) | Date | April 15, 2019 |
|---|---|---|---|
| Title | David Bock, et al. v. City of Los Angeles, et al. | | |

    2.    <u>First Amendment</u>

    The Ninth Circuit has recognized that a parent's right to familial association is also guaranteed by the First Amendment. <u>See</u> <u>Keates v. Koile</u>, 883 F.3d 1228, 1236 (9th Cir. 2018) ("Accordingly, we have held that claims under both the First and Fourteenth Amendment for unwarranted interference with the right to familial association could survive a motion to dismiss."). "[T]he First Amendment protects those relationships, including family relationships, that presuppose 'deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life.'" <u>Lee</u>, 250 F.3d at 685.

    The Court finds that, as with Bock's Fourteenth Amendment claim, Bock has not alleged any facts demonstrating that the City interfered with Bock's right to familial association with his son L.B. as guaranteed by the First Amendment. Therefore, the Court finds Bock fails to state a claim under the First Amendment and dismisses his First Amendment claim.

**Conclusion**

    For the foregoing reasons, this Court grants Defendant's Motion to Dismiss Plaintiffs' SAC. Specifically, this Court dismisses Bock's First and Fourteenth Amendment claims without leave to amend because further amendment would be futile. <u>See</u> <u>Steckman v. Hart Brewing, Inc.</u>, 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal.") (citation omitted); <u>see</u> <u>Leadsinger, Inc. v. BMG Music Publ'g</u>, 512 F.3d 522, 532 (9th Cir. 2008). Because Bock no longer has any claims before this Court, he is dropped from this action. Defendant shall file an Answer to the Second Amended Complaint's remaining claims within 14 days of this Order.

    IT IS SO ORDERED.

---

process." <u>Portman v. Cty. of Santa Clara</u>, 995 F.2d 898, 904 (9th Cir. 1993). "In procedural due process claims, the deprivation of a constitutionally protected interest 'is not itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law.'" <u>Humphries</u>, 554 F. 3d at 1185 (quoting <u>Zinermon v. Burch</u>, 494 U.S. 113, 125, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990)). The analysis for such claims "proceeds in two steps: 'the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.'" <u>Id.</u> at 1184-85 (quoting <u>Ky. Dep't of Corr. v. Thompson</u>, 490 U.S. 454, 460, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989)).

    Because Bock has not alleged any interference with a constitutionally protected interest or liberty, he cannot state a claim under the Fourteenth Amendment for procedural due process.